IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MOAEC, INC.,

                                           OPINION AND ORDER

              Plaintiff,

                                           07-cv-654-bbc

    v.

MUSICIP CORPORATION, IMATION
ENTERPRISES CORPORATION,
PANDORA MEDIA, INC., NATIONAL
RADIO HOLDINGS, L.L.C., J. RIVER
INC., ALL MEDIA GUIDE, L.L.C. and
NAPSTER, L.L.C,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil lawsuit in which plaintiff MOAEC, Inc. alleges that defendants MusicIP Corporation, Imation Enterprises Corporation, Pandora Media, Inc., National Radio Holdings, L.L.C., J. River Inc., All Media Guide, L.L.C. and Napster, L.L.C. are infringing plaintiff's United States Patents numbers: 5,969,283 (the '283 patent); 6,232,539 (the '539 patent); 6,953,886 (the '886 patent); and 7,205,471 (the '471 patent). Jurisdiction is present. 28 U.S.C. § 1331.

      The case is before the court on defendant Napster's motion for partial summary

1

judgment, which raises one narrow issue: whether the '886 and the '471 patents are invalid as anticipated by the '283 patent. The issue arises because plaintiff filed the application that resulted in the '886 patent on the same date that a patent issued on the application that is the parent of the '886 patent. Defendant contends that the same day filing means that plaintiff failed to satisfy the copendency requirement of 35 U.S.C. § 120.

I conclude that the same day filing satisfies the copendency requirement. On that ground alone, the '886 patent and the '471 patent are not invalid as anticipated by the '283 patent. The '886 and '471 patents may be entitled to the benefit of the earlier filing date of their grandparent patent application, which means that the '283 patent would not be prior art. Accordingly, defendant's motion will be denied.

The following facts are undisputed and material to the current motion.

## FACTS

The '471 patent issued on April 17, 2007. It resulted from a continuation patent application filed on May 6, 2005 that was filed as a continuation of the patent application that resulted in the '886 patent.

The '886 patent issued on October 11, 2005. It resulted from a patent continuation-in-part application filed on September 12, 2001 that was filed as a continuation-in-part of a patent application filed on May 15, 2001, which was filed as a continuation of the patent

2

application that resulted in the '539 patent.

The '539 patent issued on May 15, 2001. It resulted from a continuation patent application filed on October 18, 1999 that was filed as a continuation of the patent application that resulted in the '283 patent.

The '283 patent issued on October 19, 1999. The application that resulted in this patent was filed by plaintiff on June 17, 1998. The inventions claimed in the '886 and '471 patents were fully disclosed in the specification of the '283 patent.

OPINION

Patent applicants often use 35 U.S.C. § 120 in an attempt to overcome prior art. Satisfaction of the requirements of § 120 allows the applicant to move back the effective filing date of its application by claiming priority to the filing date of an earlier filed application. Bayer AG v. Schein Pharmaceuticals, Inc., 301 F.3d 1306, 1313 (Fed. Cir. 2002); see also 60 Am. Jur. 2d Patents § 494 (2003). Two types of applications may be filed to obtain benefits under § 120: a continuation application and a continuation-in-part application that partially obtains the benefits. A continuation application "is based solely on the disclosure of a parent application[,] . . . adds no new matter and is akin to an amendment of a pending application." Applied Materials, Inc. v. Advanced Semiconductor Materials America, Inc., 98 F.3d 1563, 1579 (Fed. Cir. 1996) (citations omitted). A

3

continuation-in-part application "contain[s] a portion or all of the disclosure of an earlier application together with added matter not present in that earlier application." PowerOasis, Inc. v. T-Mobile USA, Inc., 522 F.3d 1299, 1304 n.3 (Fed. Cir. 2008) (citation omitted).

A general hypothetical helps demonstrate the use of § 120:

(1) applicant files patent application A on June 1, 2006, which discloses inventions X, Y and Z and claims X;

(2) applicant later files continuation application B on June 1, 2007, which claims priority to application A and discloses inventions X, Y and Z and claims Y;

(3) applicant later files continuation-in-part application C on June 1, 2008, which claims priority to application B and discloses inventions X, Y, Z and W and claims Z and W.

Assuming that applications B and C satisfy all the requirements under § 120, all claims under the patent that result from application B and all claims under the patent that result from application C, except for claims regarding new matter (invention 'W'), can claim priority as of application A's filing date, which is June 1, 2006, even though applications B and C were filed later. Application A would be considered the parent application to application B and the grandparent application to application C. Any inventions patented after June 1, 2006 would not be considered prior art with respect to the patent that results from application B and with respect to the continued matter that is patented under application C (invention 'Z').

One of § 120's requirements has been labeled the "copendency requirement." It

4

requires that

> a patent application filed as a continuation . . . upon an originally filed application must be filed 'before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application' in order to receive the benefit of the earlier filing date.

In re Doyle, 293 F.3d 1355, 1363 (Fed. Cir. 2002) (quoting 35 U.S.C. § 120). Returning to the hypothetical, application A would be the "first application" under § 120 and application B would be the "application similarly entitled to the benefit of the filing date of the first application."

The narrow issue before the court is whether the May 15, 2001 patent application satisfied the copendency requirement under 35 U.S.C. § 120. If the copendency requirement is satisfied, then both the '886 and the '471 patents may benefit from the filing date of the application that became the '283 patent and the '283 patent would not be considered prior art with respect to the '886 and '471 patents. If the copendency requirement is not satisfied, then both the '886 patent and the '471 patent would be considered to have been filed after the '283 patent was issued and the '283 patent would be considered prior art, which could make the '886 and '471 patents invalid under 35 U.S.C. § 102.

Defendant contends that plaintiff failed to satisfy the § 120 copendency requirement because it filed the application for what became the '886 patent on the same day, May 15,

2001, as the parent application to the '886 patent's application issued as a patent. In defendant's view of the law, a same day filing of a new application is not an application "filed before the patenting" of its parent application.

Plaintiff disputes defendant's view of the law, citing the United States Patent and Trademark Office's interpretation of the copendency requirement in its Manual of Patent Examining Procedure. That manual states in pertinent part:

> If the prior application issues as a patent, it is sufficient for the later-filed application to be copending with it if the later-filed application is filed on the same date, or before the date that the patent issues on the prior application.

Manual of Patent Examining Procedure, § 201.11(II)(B) (8th ed. 2006). This interpretation has remained relatively unchanged since the 1960s. MPEP, § 201.11 (3d ed. 1961) ("If the first application issues as a patent, it is sufficient for the second application to be copending with it if the second application is filed on the same day."). Under the PTO's interpretation, plaintiff has satisfied the copendency requirement. "Not so," says defendant, contending that the PTO's interpretation is contrary to the statute's plain language and should not control.

The foreword of the PTO's manual makes it clear that "[t]he Manual does not have the force of law or the force of the rules in Title 37 of the Code of Federal Regulations." However, the frequent use of the Manual by patent lawyers in advising patent applicants and the frequency with which patent examiners cite the Manual when communicating with

6

patent applicants entitles patent applicants "to rely not only on the statutes and Rules of Practice but also on the provisions of the [Manual of Patent Examining Procedure] in the prosecution of [their] patent application." In re Kaghan, 387 F.2d 398, 847-48 (C.C.P.A. 1967). In addition, the PTO's interpretation of the statute is entitled to some level of deference. National Organization of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 260 F.3d 1365, 1378-79 (Fed. Cir. 2001) (in context of Department of Veterans Affairs' regulation, informal regulations not carrying force of law still entitled to some deference). Nevertheless, "'the courts are the final authorities on issues of statutory construction. They must reject administrative constructions of the statute, whether reached by adjudication or by rulemaking, that are inconsistent with the statutory mandate or that frustrate the policy that Congress sought to implement.'" Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1425 (Fed. Cir. 1988) (quoting FEC v. Democratic Senatorial Campaign Committee, 454 U.S. 27, 32 (1981)).

In determining that the copendency requirement can be satisfied if the later-filed patent application is filed on the same day the patent issues on the parent application, the PTO relies on its own interpretation of "before" in § 120. According to the PTO, "'[b]efore' has consistently been interpreted, in [§ 120] to mean 'not later than.'" MPEP, § 711.02(c). Taking issue with the PTO interpretation, defendant proposes that "before" means "the day before." However, the statute is silent about the specific period of time that should be used

to determine whether a patent application was filed "before" a patent issued on the parent application. Technically, under the statute's language, filing something even one second before patenting would be considered filed "before." In light of the statute's silence on this issue, the history of reliance on interpretations in the Manual and the PTO's specialized experience regarding patenting procedure, it is both logical and prudent to give deference to the PTO's interpretation of the copendency requirement, so long as it is not inconsistent with the statute. Skidmore v. Swift & Co., 323 U.S. 134, 139-40 (1944) ("We consider that the rulings, interpretations and opinions of the Administrator under this Act, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.").

The PTO's interpretation is consistent with the statute. The PTO has responded to the statute's silence on what constitutes filing "before" patenting by choosing not to limit "before" to a specific period of time. Instead of having to split hairs by trying to determine the exact second of filing and issuance, the PTO chose to interpret "before" to mean "not later than." Therefore, regardless whether a later-filed application is actually filed a second before a patent is issued on its parent application, if it is filed on the same day, the application and the issued patent are copending for the purpose of § 120.

Permitting the filing of a continuation application simultaneously with the patenting of the parent application gains further support from the history of the practice of filing

8

continuation applications that led to § 120. The "continuing application practice was a creature of patent office practice and case law, and section 120 merely codified the procedural rights of an applicant with respect to this practice." Transco Products Inc. v. Performance Contracting, Inc., 38 F.3d 551, 556 (Fed. Cir. 1994). "The legislative history of section 120 does not indicate any congressional intent to alter the Supreme Court's interpretation of continuing application practice." Id.,38 F.3d at 557 (citing Godfrey v. Eames, 68 U.S. 317 (1864)). In Godfrey, the Supreme Court addressed the continuing application practice and held that when a patent application was withdrawn and a new application regarding the same invention was filed the same day, the applications together constituted "one continuous application." Godfrey, 68 U.S. at 325-26. Such reasoning supports the conclusion that the § 120 copendency requirement's underlying purpose of permitting "one continuous application" is not frustrated by permitting a later-filed application to be filed on the same date that a patent issues on its parent application.

 Because the PTO's interpretation of the § 120 copendency requirement is consistent with the statute and patent applicants are entitled to rely on it, the interpretation is due judicial deference. In accordance with the PTO's Manual of Patent Examining Procedure § 201.11, plaintiff's May 15, 2001 patent application, which resulted in the '886 patent, satisfies the § 120 copendency requirement because it was filed on the same date, May 15, 2001, as the patenting of its parent application. Therefore, I find that defendant has failed

9

to establish its contention that plaintiff cannot obtain the benefit of the earlier filing date of the application that resulted in the '283 patent for failure to satisfy the copendency requirement under § 120.

I need not decide today whether the '886 and '471 patents are entitled in fact to the earlier filing date of the application that resulted in the '283 patent. I conclude only that defendant has failed to show that the '886 and '471 patents are invalid as anticipated for plaintiff's failure to satisfy the § 120 copendency requirement. Defendant Napster's motion for summary judgment of invalidity will be denied.

ORDER

IT IS ORDERED that defendant Napster, Inc.'s motion for partial summary judgment on the invalidity of plaintiff MOAEC, Inc.'s United States Patents numbers 6,953,886 and 7,205,471 (dkt. # 88) is DENIED.

Entered this 30th day of June, 2008.

BY THE COURT:

*Barbara B. Crabb*

_____
BARBARA B. CRABB
District Judge